IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RAUL SAUCEDO, JR. | § | |
| VS. | § | CIVIL ACTION NO. 5:17cv53 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Raul Saucedo, Jr., proceeding *pro se*, filed the above-styled motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Docket No. 1. The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending the motion to vacate be denied. Docket No. 7 at 7. Mr. Saucedo filed objections to the Report. Docket No. 9. The Court reviews the objected-to portions of the Report *de novo*. Fed. R. Civ. P. 72(b)(2).

Mr. Saucedo was previously convicted of conspiring to possess methamphetamine with the intent to distribute and sentenced to 162 months of imprisonment. Mr. Saucedo asserted the following grounds for review: (1) his offense level was improperly increased by two levels pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines and (2) he received ineffective assistance of counsel because counsel: (a) advised him to enter a guilty plea based on a factual basis containing false information and (b) advised him to accept a plea agreement containing a waiver of appeal provision. The Magistrate Judge analyzed each ground for review and concluded each ground for review was without merit.

The objections filed by Mr. Saucedo only concern the Magistrate Judge's conclusion regarding his first ground for review. Mr. Saucedo's offense level was increased by two levels pursuant to § 2D1.1(b)(1) because the Court determined a firearm was present in a codefendant's vehicle at the time of arrest. Mr. Saucedo contended the increase was improper pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Magistrate

Judge concluded his contention was without merit because: (a) the decision in *Johnson* did not apply to this case and (b) the "void for vagueness" analysis used in *Johnson* did not apply to challenges regarding the application of the Sentencing Guidelines. Docket No. 7 at 3. In his objections, Mr. Saucedo states the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), establishes the increase in his offense level was improper. Docket No. 9 at 1.

The "residual clause" of 18 U.S.C. § 16, which is contained in § 16(b), defines a "crime of violence" to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In *Dimaya*, the Supreme Court, relying on its decision in *Johnson*, held the residual clause of § 16 was unconstitutionally vague. 138 S. Ct. at 1233.

Despite his contention, *Dimaya* is of no assistance to Mr. Saucedo. Under § 2D1.1(b)(1), a defendant's offense level is increased by two levels if a dangerous weapon was used in his offense. No reference is made in the subsection to a "crime of violence." Nor does the subsection contain any language similar to the residual clause of § 16. The Supreme Court's determination that the residual clause of § 16 is unconstitutionality vague therefore has no relevance to the determination of whether a dangerous weapon was possessed in connection with Mr. Saucedo's offense. As *Dimaya* is unavailing to Mr. Saucedo, his objections are without merit.

Having considered Mr. Saucedo's objections, and the objected-to portions of the Report *de novo*, the Court concludes the findings and conclusions of the Magistrate Judge are correct. Concerning matters to which Mr. Saucedo has not objected, the Court reviews the record and the Report for clear error. *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988). The Court finds no clear error with the Magistrate Judge's conclusions in the uncontested portions of the Report. Accordingly

Mr. Saucedo's objections (Docket No. 9) are **OVERRULED**. The Court **ADOPTS** the findings and conclusions contained in the Report in their entirety.

It is further **ORDERED** that this motion to vacate, set aside or correct sentence is **DENIED**.

A final judgment shall be rendered in accordance with the Magistrate Judge's recommendation.

Additionally, the Court finds Mr. Saucedo is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). In making that substantial showing, the movant need not establish he should prevail on the merits. Rather, he must demonstrate the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Mr. Saucedo has not shown that any of the issues raised by his grounds for review are subject to debate among jurists of reason. In addition, the questions presented are not worthy of encouragement to proceed further. Mr. Saucedo has therefore failed to make a sufficient showing to merit the issuance of a certificate of appealability and a certificate of appealabilty shall not be issued.

**SIGNED this 5th day of June, 2018.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE